(27 App. Div. 114.)

## GARETY v. KING.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

The fact that the master was negligent, and that the servant was free from contributory negligence, does not make the master liable, where the injury to the servant resulted from a risk which he assumed.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Mary Garety, administratrix, against David H. King, Jr. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julien T. Davies, for appellant.
Nelson Zabriskie, for respondent.

McLAUGHLIN, J. This action was brought to recover damages resulting from the death of plaintiff's intestate, caused by the alleged negligence of the defendant. Upon a former trial the plaintiff recovered a judgment, which was reversed by this court (9 App. Div. 448, 41 N. Y. Supp. 633), and a new trial ordered, because the learned justice, in his charge to the jury, "virtually eliminated from the case the entire question of the assumption of the risk, and made that issue identical with the one relating to contributory negligence." Upon the second trial, plaintiff again had a verdict, and from the judgment entered thereon defendant appealed.

The facts presented are substantially the same as those presented on the former appeal, and it is therefore unnecessary to refer to them at great length. They are briefly these: The intestate lost his life by falling through a skylight in the roof of a building upon which he was at work. He had been at work for the defendant for some little time prior to the day of the accident, in a room which was lighted by the skylight in question. On the day preceding the accident there was a heavy fall of snow, and the morning following the deceased, with others, was directed to go upon this roof, and remove the snow that had fallen thereon, and while thus engaged he, in some way which the evidence does not disclose, fell through the skylight, and was killed. The principle of law applicable to and controlling upon us in disposing of the question presented was declared by this court upon the former appeal. It is now the law of the case. We then held that upon all the evidence a proper case was presented for the jury upon the question of the defendant's negligence in failing to furnish a safe place for the deceased to work, as well as upon the question of deceased's contributory negligence. It is therefore unnecessary to consider, at this time, either of these questions. They were properly submitted to the jury, and the judgment would have to be affirmed, except for the fact that the learned justice inadvertently committed the same error that was committed at the first trial. One of the vital facts to be determined by the jury, and upon which the plaintiff's right to recover depended, was

whether the existence of this skylight, and the danger of going upon the roof by reason of it, was known to the deceased. If it was, then the danger of falling through it was a risk which the deceased assumed, and for the injury sustained by plaintiff no liability attached to the defendant. There was conflicting evidence upon that subject, which would have justified the jury in finding either way. The defendant's counsel asked that the jury be instructed that, "if Garety knew that this place was there, or should have known it" (referring to it as it existed), then the defendant was not liable. That was a proper request, and the jury should have been so instructed. The learned judge, however, instead of charging as requested, modified the request by adding, "and in any way, through any negligence on his own part, went through the skylight"; and he so instructed the jury. We think this was error. He might just as well have said to the jury, "If the deceased was free from negligence, then he did not assume the risk of working at a place known to him to be dangerous." It is too well settled to require the citation of authorities to sustain the proposition that a servant, when he enters the employment of the master, assumes the apparent and obvious risks of the work in which he is engaged, as well as those risks which he may discover by ordinary care and observation. Thus Garety, when he accepted from or while he continued in the employment of the defendant, if he knew of the existence of the skylight and the danger of working on the roof by reason of it, assumed the risk of falling through it. This was the risk he assumed, nothing more and nothing less, and it in no way depended upon the question of whether he was negligent or not. His assumption of the risk existed, if at all, irrespective of the question of his own negligence. The risk assumed by and the contributory negligence of an employé are two separate and distinct subjects. They are not necessarily dependent upon, or in any way connected with, each other. The learned justice, therefore, in modifying the defendant's request, and instructing the jury as he did, in effect, withdrew from the jury the question of the assumption of risk by the deceased, by making that issue identical with the one relating to contributory negligence. It was an erroneous instruction as to the law, and that it influenced the jury sufficiently appears from the verdict rendered.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, J., concurs.    O'BRIEN and INGRAHAM, JJ., concur in result.    VAN BRUNT, P. J., dissents.